UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEIDRA BROOKS,

    Plaintiff,

    v.

LITTON LOAN SERVICING LP,

    Defendant.

_____/

No. C 14-2266 PJH

**ORDER GRANTING IN PART MOTION TO DISMISS, REMANDING CASE**

    Defendant's motion to dismiss came on for hearing before this court on August 27, 2014. Plaintiff Deidra Brooks ("plaintiff") appeared in pro per. Defendant Litton Loan Servicing LP ("defendant") appeared through its counsel, Steve Pornbida. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part defendant's motion to dismiss and REMANDS the case to the Superior Court for the County of Contra Costa.

    This is a mortgage case. Plaintiff originally filed suit in state court on September 18, 2012, and then filed the operative first amended complaint ("FAC"), also in state court, on April 17, 2014. The FAC asserts twelve causes of action: (1) violation of section Cal. Bus. & Prof. Code section 17200 (predicated on Cal. Civ. Code § 2923.5), (2) breach of covenant of good faith and fair dealing, (3) slander of title, (4) alter ego liability, (5) breach of contract, (6) unjust enrichment, (7) violation of section 17200 (predicated on Cal. Civ. Code §§ 2923.5, 2923.6, 1788.17, and 1572), (8) violation of section 17200 (predicated on the Truth in Lending Act ("TILA")), (9) violation of Cal. Civ. Code § 2923.5, (10) defamation, (11) false light, and (12) intentional misrepresentation.

On May 15, 2014, defendant removed the case to this court based on federal question jurisdiction, stating in the notice of removal that the "First Amended Complaint alleges liability brought under and based upon federal law." Dkt. 1 at 2. Specifically, the notice of removal stated that the "eighth cause of action is for alleged violations of the Federal Truth-in-Lending Act" and "violations of the Home Owners Loan Act of 1933." Id.

Defendant also noted that the FAC "alleges violations of Business and Professions Code § 17200's prohibition on unlawful acts which can create state liability for breach of applicable federal statutes," and that the FAC "lists a cause of action for alleged violations of the Home Ownership Equity Protection Act ("HOEPA") . . . in her caption, but it does not appear elsewhere in the First Amended Complaint." Id. at 2-3. Finally, defendant argued in the notice of removal that the court should exercise supplemental jurisdiction over plaintiff's state law claims.

Defendant then filed a motion to dismiss on July 14, 2014, arguing that all of the FAC's claims should be dismissed without leave to amend. Plaintiff did not file an opposition to the motion. However, on August 26, 2014, the court received a paper copy of a document entitled "plaintiff's unilateral case management conference statement." Plaintiff's statement is dated August 18, 2014, but it was not filed with the clerk's office, and it does not appear on the case's docket. In the document, plaintiff claims to have "filed and served upon defendant an opposition to defendants' demurrer and motion to dismiss plaintiff's complaint with a proposed order to deny each and every request submitted by defendant." However, the court did not receive any such opposition, so at the August 27 hearing, the court asked plaintiff about the status of her opposition brief. Plaintiff informed the court that she had retained some type of document preparation service, and that a representative of the service had informed her that the opposition brief had been served upon defendant and filed with the court. Defendant denied having received any opposition, and the court noted that no opposition had been filed with the clerk's office. The court then told plaintiff that she would be given until the next day (August 28) to file the already-drafted opposition with the court, and that if it were filed, defendant would have until September 3,

2

2014 to file a reply.  Plaintiff did not file her opposition on August 28 (and in fact, still has not filed it to date), so the court will decide defendant's motion to dismiss based on the arguments presented in its motion and at the August 27 hearing.

At the hearing, the court focused on the federal claim(s) that formed the basis for removal.  The court first addressed plaintiff's eighth cause of action, which is brought under California Business & Professions Code section 17200, but which is based on an underlying alleged TILA violation.  Defendant argues that this claim relates to the origination of plaintiff's loan, which occurred in 2005.  The statute of limitations under TILA is one year, and the statute of limitations under section 17200 is four years.  Thus, regardless of which limitations period is applied, the court finds that plaintiff's eighth cause of action is time-barred.  Accordingly, plaintiff's eighth cause of action is DISMISSED without leave to amend.

The court then discussed plaintiff's tenth cause of action for defamation, which is brought under state law, but which alleges that defendant made false statements to a credit agency.  In its motion, defendant correctly noted that the federal Fair Credit Reporting Act ("FCRA") preempts state law claims based on credit reporting disputes.  At the hearing, the court asked plaintiff about the specific conduct that gave rise to this claim, and she admitted that she did take out a loan, and that she did default on that loan, and thus, any default that was reported to credit agencies was not in fact false.  Accordingly, plaintiff's tenth cause of action is DISMISSED without leave to amend.

The court then noted that no other federal claims were asserted in the FAC, though there were passing references to two other federal statutes.  First, the second cause of action (for breach of the covenant of good faith and fair dealing) made reference to a case filed against defendant in the Central District of California (Schaffer v. Litton Loan Servicing), which involved allegations that defendant had violated the federal Real Estate Settlement Procedures Act ("RESPA").  However, at the hearing, plaintiff clarified that she did not intend to assert a RESPA claim in this case, and merely mentioned the Schaffer case "as an example" of defendant's "unfair practices."  Thus, the court finds that the

3

second cause of action does not involve any claim under federal law.

Second, the court noted that the FAC's caption included a reference to the federal "Home Ownership Equity Protection Act," or "HOEPA." However, no HOEPA claim is asserted in the body of the complaint. When asked about this reference to HOEPA, plaintiff stated that she did not know what HOEPA was or why it was included in the complaint. Plaintiff indicated that the document preparation service that she had retained had likely inserted the reference to HOEPA. Accordingly, the court finds that the FAC does not assert any claim under HOEPA.

Having dismissed, with prejudice, the only asserted claim(s) arising under federal law (the eighth cause of action, and possibly the tenth cause of action), and having determined that no other federal question is implicated by the complaint, the court hereby declines to exercise supplemental jurisdiction over plaintiff's state law claims, and REMANDS the case to the Superior Court for the County of Contra Costa.

**IT IS SO ORDERED.**

Dated: September 9, 2014

PHYLLIS J. HAMILTON
United States District Judge